UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUIS SANTANA, JR. and
LUANA SANTANA,

    Plaintiffs,

CASE NO.:

-VS-

PINNACLE RECOVERY, INC.,

    Defendant.
_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiffs, LOUIS SANTANA, JR. ("Mr. Santana") and LUANA SANTANA ("Mrs. Santana") (collectively "Plaintiffs"), allege violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), against Defendant, PINNACLE RECOVERY, INC. ("Defendant").

### INTRODUCTION

1. The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

1

2. The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Mr. Santana is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6. Mrs. Santana is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

7. Defendant is a debt collection agency providing its services throughout the State of Florida, including Hillsborough County, Florida.

8. On or about December 6, 2016, Plaintiffs filed bankruptcy, Case No. 16-bk-10318 (the "Bankruptcy Action").

9. Plaintiff owed a debt related to a timeshare property (the "Alleged Debt").

10. The Alleged Debt was listed in the bankruptcy schedules and included in the bankruptcy.

11. Plaintiffs received their bankruptcy discharge on March 14, 2017, thus discharging the Alleged Debt.

12. Plaintiffs were represented by legal counsel in the Bankruptcy Action and with respect to the Alleged Debt, and such representation was clearly conveyed and known the Defendant.

13. On or about January 15, 2018, Defendant sent a collection letter attempting to collect the Alleged Debt. A true and correct copy of the collection letter is attached hereto as Exhibit "A".

14. Pursuant to the collection letter, Defendant attempted to collect $13,771.54 for the Alleged Debt after the Alleged Debt had been discharged in the Bankruptcy Action.

15. The amounts demanded in the collection letter are wrongful and not due and owing.

16. All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
### (Mr. Santana v. Defendant)
### (Violation of the FDCPA)

17. Mr. Santana incorporates Paragraphs one (1) through sixteen (16) above as if fully set forth herein.

18. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

19. At all times material hereto: (a) Mr. Santana is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

20. Defendant engaged in consumer debt collection activities against Mr. Santana in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

21. The Debt Collection Conduct includes Defendant's attempts to collect a debt from Mr. Santana that had clearly been discharged in the Bankruptcy Action.

22. The Debt Collection Conduct includes Defendant's sending the collection letter which is an attempt to collect a consumer debt which is not authorized by Federal or Florida law.

4

23. The Debt Collection Conduct includes Defendant's contact of Mr. Santana directly despite knowing that he was represented by legal counsel with respect to the Alleged Debt.

24. Defendant's Debt Collection Activity as described herein is a violation of the following provisions: 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2), and 15 U.S.C. §1692(e)(10), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
> *(A) the character, amount, or legal status of any debt……*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

25. Defendant's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) and (f)(1) which provide in pertinent part that *"[a]debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

26. Defendant's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(c)(a)(2) which provides:

> *(a) COMMUNICATION WITH THE CONSUMER GENERALLY - Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—*
> *(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.*

27. As a result of the Debt Collection Activity and Defendant's violation of the FDCPA as described herein, Mr. Santana has been injured.

28. Mr. Santana is (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, LOUIS SANTANA, JR., respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### (Mr. Santana v. Defendant)
### (Violation of the FCCPA)

29.  Mr. Santana incorporates Paragraphs one (1) through sixteen (16) above as if fully set forth herein.

30.  This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

31.  At all times material hereto: (a) Mr. Santana is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

32.  The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Mr. Santana for personal, family or household purposes.

33.  Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

34.  Defendant engaged in consumer debt collection activities against Mr. Santana in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

7

35. The Debt Collection Conduct includes Defendant's attempts to collect a debt from Mr. Santana that had clearly been discharged in the Bankruptcy Action.

36. The Debt Collection Conduct includes Defendant's sending the collection letter which is an attempt to collect a consumer debt which is not authorized by Federal or Florida law.

37. The Debt Collection Conduct includes Defendant's contact of Mr. Santana directly despite knowing that he was represented by legal counsel with respect to the Alleged Debt.

38. Defendant knowingly prepared and sent the collection letter knowing that it was false or with blatant and reckless disregard for its accuracy

39. Defendant knowingly prepared and sent the collection letter in an attempt to collect monies from Mr. Santana that were clearly not due and owing.

40. The collection letter constitutes "communication" as defined by Florida Statutes, §559.55(5).

41. Defendant's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

42. Defendant's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(18) which makes it unlawful to *"[c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication."*

43. Defendant's business practices and actions were either intentional or grossly negligent.

44. As a result of the Debt Collection Conduct and Defendant's violation of the FCCPA, Mr. Santana has been damaged, and Defendant is liable to Mr. Santana for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

45. Mr. Santana is (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

9

46. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff, LOUIS SANTANA, JR., respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## COUNT III
### (Mr. Santana v. Defendant)
### (Violation of the FDCPA)

47. Mrs. Santana incorporates Paragraphs one (1) through sixteen (16) above as if fully set forth herein.

48. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

49. At all times material hereto: (a) Mrs. Santana is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

50. Defendant engaged in consumer debt collection activities against Mrs. Santana in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

51. The Debt Collection Conduct includes Defendant's attempts to collect a debt from Mrs. Santana that had clearly been discharged in the Bankruptcy Action.

52. The Debt Collection Conduct includes Defendant's sending the collection letter which is an attempt to collect a consumer debt which is not authorized by Federal or Florida law.

53. The Debt Collection Conduct includes Defendant's contact of Mrs. Santana directly despite knowing that she was represented by legal counsel with respect to the Alleged Debt.

54. Defendant's Debt Collection Activity as described herein is a violation of the following provisions: 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2), and 15 U.S.C. §1692(e)(10), which provide:

> ***§1692(e)** A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
>   *(A) the character, amount, or legal status of any debt.......*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any <u>debt</u> or to obtain information concerning a <u>consumer</u>.*

55. Defendant's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) and (f)(1) which provide in pertinent part that *"[a]debt collector may not use unfair or unconscionable means to collect or attempt*

11

*to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(2) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the <u>debt</u> or permitted by law.*

56. Defendant's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(c)(a)(2) which provides:

> *(a) COMMUNICATION WITH THE CONSUMER GENERALLY - Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—*
> *(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.*

57. As a result of the Debt Collection Activity and Defendant's violation of the FDCPA as described herein, Mrs. Santana has been injured.

58. Mrs. Santana is (a) is entitled to collect her attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, LUANA SANTANA, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT IV
### (Mrs. Santana v. Defendant)
### (Violation of the FCCPA)

59. Mrs. Santana incorporates Paragraphs one (1) through sixteen (16) above as if fully set forth herein.

60. This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

61. At all times material hereto: (a) Mrs. Santana is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

62. The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Mrs. Santana for personal, family or household purposes.

63. Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

64. At all times material hereto, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

65. Defendant engaged in consumer debt collection activities against Mrs. Santana in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

66. The Debt Collection Conduct includes Defendant's attempts to collect a debt from Mrs. Santana that had clearly been discharged in the Bankruptcy Action.

67. The Debt Collection Conduct includes Defendant's sending the collection letter which is an attempt to collect a consumer debt which is not authorized by Federal or Florida law.

68. The Debt Collection Conduct includes Defendant's contact of Mrs. Santana directly despite knowing that she was represented by legal counsel with respect to the Alleged Debt.

69. Defendant knowingly prepared and sent the collection letter knowing that it was false or with blatant and reckless disregard for its accuracy

70. Defendant knowingly prepared and sent the collection letter in an attempt to collect monies from Mrs. Santana that were clearly not due and owing.

71. The collection letter constitutes "communication" as defined by Florida Statutes, §559.55(5).

72. Defendant's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

73. Defendant's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(18) which makes it unlawful to "*[c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.*"

74. Defendant's business practices and actions were either intentional or grossly negligent.

75. As a result of the Debt Collection Conduct and Defendant's violation of the FCCPA, Mrs. Santana has been damaged, and Defendant is liable to Mrs. Santana for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

76. Mrs. Santana is (a) is entitled to collect her attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

77. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff, LUANA SANTANA, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,


STAMATAKIS + THALJI + BONANNO

By: / s /        Nick Fowler
Sami Thalji, Esquire,
Florida Bar No.:165913
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Nick Fowler, Esquire, Trial Counsel
Florida Bar No.:81856
P.O. Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email:
Service@MyInjury.com
Counsel for Plaintiff